UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00322

———

**Robert L. Clark,**
*Plaintiff,*

v.

**City of Tyler Police Department et al.,**
*Defendants.*

———

# ORDER

Plaintiff, a Texas prisoner proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the court dismiss plaintiff's action without prejudice for plaintiff's failure to file an amended complaint as ordered (Doc. 3) despite receiving multiple extensions of time. Doc. 18 at 2. The report also recommended suspending the statute of limitations for thirty days from the date of final judgment. *Id.*

The report was mailed to plaintiff at his last-known address. Plaintiff failed to file written objections. Instead, plaintiff filed a fourth motion for leave for an extension of time to file an amended complaint. Doc. 20.

Plaintiff states that he suffers from cancer and several medical ailments that hinder his ability to think, act, and respond. He also explains that he suffers "great pain and illness right now and [has] to end this pleading." *Id.* at 3. The docket reflects that plaintiff did not attach a proposed amended complaint to his motion for leave. *See* Local Rule CV-7(k).

The court ordered plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure in August 2025. Doc. 3. There, it warned plaintiff that failing to comply would result in dismissal. Despite that warning, plaintiff has yet to file an amended complaint, opting instead to file four motions for leave for an extension of time. *See* Docs. 7, 9, 12, 20. The court granted

- 1 -

the first three. Docs. 8, 10, 14. The final grant expressed sympathy for plaintiff's ailment but informed plaintiff that the court required a live pleading to proceed. Doc. 14. The order explicitly informed plaintiff that "[n]o further extensions will be granted." *Id.* at 2. The plaintiff was ordered to amend in August 2025. It is April 2026. Plaintiff's failure to comply can no longer be excused.

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's action is dismissed without prejudice for failure to comply with a court order. The statute of limitations is suspended for a period of 30 days from the entry of final judgment in this case. Any pending motions are denied as moot.

*So ordered by the court on April 15, 2026.*

J. CAMPBELL BARKER
United States District Judge